# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NANCY LITTLE, individually and as )
personal representative of the )
Estate of Robert L. Rabe, )
                                                          )
                    Plaintiff,             )
                                                          )
vs.                                             )   Case No. 16-4170-DDC-KGG
                                                          )
THE BUDD COMPANY, INC.,     )
                                                          )
                    Defendant.           )
_____  )

## **MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion for Leave to Add an Expert Witness and to Reopen Discovery for a Limited Purpose (Doc. 40). After a careful review of the submissions of the parties, the Court **DENIES** the motion.

## BACKGROUND

Plaintiff, who is the daughter of decedent Robert Rabe, filed this action in the District Court of Shawnee County, Kansas, alleging wrongful death and personal injuries allegedly resulting from exposure to asbestos-containing products. (*See generally* Doc. 1-1.) Defendant removed the case to this Court in November 2016. (Doc. 1.)

The Scheduling Order currently in effect includes an expert disclosure deadline of September 30, 2017, and a discovery deadline of December 29, 2017.

(Doc. 30.)  Defendant served the expert report of Dr. Earl Gregory on September 25, 2017.  (Doc. 35.)  Defendant filed the present motion on November 15, 2017, contending that "[i]n the course of developing its case and preparing for trial, [it] has come to the conclusion that this action will be furthered by retention of an expert, Louis Burgher, M.D. to discuss the medical state of the art applicable to this asbestos personal injury action."  (Doc. 40, at 2.)

## DISCUSSION

When, as in this case, a party seeks to revise a deadline contained in the Scheduling Order that has passed, Fed.R.Civ.P. (16)(b)(4) is implicated.  The Rule provides that the Scheduling Order "may be modified only for good cause and with the judge's consent."  **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D. Kan. 1993).

To establish good cause under Rule 16(b)(4), "'the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.'"  **Camp v. Gregory, Inc**., 12-1083-EFM-KGG, 2013 WL 391172, at *2 (D. Kan. Jan. 30, 2013) (citation omitted).  A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the Court's discretion, and will be reviewed only for an abuse of discretion.  *Id.*

The question before the Court is, therefore, whether Defendant could have met the expert deadline set forth in the Scheduling Order with due diligence. The deadlines set by the Court in its Scheduling Orders are not merely aspirational. Rather, the orderly, timely and efficient management of litigation by the Court and counsel is important to the administration of justice. *See* Fed.R.Civ.P. 1. Tardy substantive changes to the Scheduling Order can be unfair, and can cause substantial delay and expense. Thus, actions beyond those deadlines are only allowed for good cause.

Simply stated, Defendant has not established good cause. There is no attempt to establish that Defendant could not have met the deadline with due diligence. The argument Defendant advances in favor of this motion – that it "has come to the conclusion that this action will be furthered by retention of an [additional] expert" – does nothing to assist the Court's analysis of good cause or due diligence. There is no showing that Defendant could not – or should not – have reached this conclusion in a timely manner. In short, a late realization that a party would benefit from another expert is not "good cause." Further, "the lack of prejudice to the nonmovant does not show 'good cause." ***Carefusion 213, LLC v. Professional Disposables, Inc.***, No. 09–2616–KHV–DJW, 2010 WL 4004874, at

\*3-4 (D.Kan. Oct. 12, 2010) (internal citations omitted).  Defendant's motion to is, therefore, **DENIED**.

IT IS SO ORDERED.

Dated this 3rd day of January, 2018.

                                          S/ KENNETH G. GALE
                                          Kenneth G. Gale
                                          United States Magistrate Judge