IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NANCY LITTLE, individually and as
personal representative of the estate of
ROBERT L. RABE,

       Plaintiff,

v.

THE BUDD COMPANY,

       Defendant.

Case No. 16-4170-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's "Objection to the District Court Regarding Magistrate's Order of January 3, 2018." Doc. 62. On January 3, 2018, Magistrate Judge Kenneth G. Gale denied defendant's Motion for Leave to Add an Expert Witness and to Reopen Discovery for a Limited Purpose. Doc. 54. Defendant asserts that Judge Gale applied an incorrect legal standard in his Order. Thus, defendant contends, Judge Gale's Order is clearly erroneous. For this reason, defendant asks the court to set aside Judge Gale's Order under Federal Rule of Civil Procedure 72(a). As explained below, the court overrules defendant's Objection and affirms Judge Gale's decision.

## I.    Factual and Procedural Background

Plaintiff Nancy Little brings this action individually and as the personal representative of the estate of her father, Robert L. Rabe, against defendant The Budd Company. Plaintiff alleges that her father was exposed to asbestos-containing pipe insulation that defendant placed in passenger railcars it manufactured. She contends that this exposure caused her father to develop asbestos-related malignant mesothelioma, causing his death on December 28, 2012.

On January 6, 2017, Judge Gale entered a Scheduling Order that established various deadlines for the case's management, including a requirement that defendant disclose its experts by June 23, 2017.  Doc. 11 at 4.  On August 10, 2017, defendant filed an unopposed motion to modify certain deadlines in the Scheduling Order, including an extension of its expert disclosure deadline until September 30, 2017.  Doc. 29-1 at 3.  Judge Gale granted that request and entered a Revised Scheduling Order that established September 30, 2017, as defendant's deadline to disclose experts.  Doc. 30 at 2.

By the September 30, 2017 deadline, defendant had identified eight expert witnesses in its Rule 26(a) disclosures.  On November 6, 2017, defendant's counsel sent an email to plaintiff's counsel disclosing a ninth expert witness—Dr. Louis Burgher.  The email also provided Dr. Burgher's curriculum vitae.  Plaintiff asserts that Dr. Burgher will offer "only general, state-of-the-art opinions regarding the historical knowledge of the hazards of asbestos at various times in the 20th century . . . ."  Doc. 62 at 3.

On November 15, 2017, defendant filed a Motion for Leave to Add an Expert Witness and to Reopen Discovery for a Limited Purpose.  Doc. 40.  On January 3, 2018, Judge Gale denied the motion because, he determined, defendant had not established "good cause" under Fed. R. Civ. P. 16(b)(4) to modify the Scheduling Order after the deadline for disclosing experts had expired.  Doc. 54 at 3.  Instead, Judge Gale reasoned, defendant had explained only that it was seeking to add an expert witness past the deadline for making disclosures because it had "come to the conclusion that this action will be furthered by retention of an additional expert." *Id.*  Judge Gale concluded that this reason did not provide the requisite good cause to grant defendant leave to add an expert after the deadline established by the Scheduling Order had expired.  *Id.*

On January 16, 2018, defendant filed an Objection to Judge Gale's Order.  Doc. 62.

Defendant asserts that Judge Gale applied the incorrect legal standard to defendant's Motion for

Leave to Add an Expert Witness and Reopen Discovery for a Limited Purpose.  Defendant

argues that Judge Gale applied the "good cause" standard that governs amendment of

pleadings—not requests for leave to add an expert.  Defendant contends that the standard for

leave to add an expert requires a party to satisfy a less onerous burden.  And so, defendant

argues, Judge Gale's Order is clearly erroneous.  Defendant thus asks the court to modify Judge

Gale's Order and allow it to use the testimony of Dr. Louis Burgher in this action.  The court

considers defendant's request below.

## II.    Legal Standard

Federal Rule of Civil Procedure 72(a) permits a party to present specific, written

objections to a magistrate judge's order.  When reviewing a magistrate judge's order deciding

nondispositive pretrial matters, the district court applies a "clearly erroneous or contrary to law"

standard of review.  *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000)

(quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28

U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this clearly erroneous standard, the district

court does not conduct a de novo review of the factual findings; instead, it must affirm a

magistrate judge's order unless a review of the entire evidence leaves it "with the definite and

firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464.  In

contrast, "the contrary to law" standard permits the district court to conduct an independent

review of purely legal determinations made by the magistrate judge.  *Sprint Commc'ns Co. L.P.*

*v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted).  A

magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes,

case law or rules of procedure." *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at \*2 (D. Kan. July 14, 2011) (quotation omitted).

### III.   Analysis

Defendant asserts that Judge Gale erred by denying its Motion to Add an Expert Witness and Reopen Discovery for a Limited Purpose.  Defendant filed its motion on November 15, 2017—15 days after the Scheduling Order's deadline for disclosing experts had expired.  Because defendant's motion sought to amend a deadline established by the Scheduling Order, Judge Gale applied Fed. R. Civ. P. 16—the rule that governs modification of a Scheduling Order.

Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  The advisory committee notes to this Rule provide:  "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment; *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." (citation and internal quotation marks omitted)).  "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."  *Gorsuch*, 771 F.3d at 1240.

The district court exercises its sound discretion when deciding whether to modify a Scheduling Order.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (reviewing a district court's refusal to enter a new scheduling order for abuse of discretion).  Despite this "broad discretion in managing the pretrial schedule," the Tenth Circuit has concluded that "total inflexibility is undesirable."  *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

Also, a scheduling order which produces an exclusion of material evidence is "a drastic sanction." *Id.*; *see also Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable." (citations and internal quotation marks omitted)).

Applying this standard, Judge Gale found that defendant had not established good cause required to amend the Scheduling Order.  Judge Gale reasoned that defendant had made no attempt to establish that it could not have met the deadline without due diligence.  Instead, defendant's reason for seeking leave to add an expert was because it had "come to the conclusion that this action will be furthered by retention of an [additional] expert."  Doc. 54 at 3.  Judge Gale concluded that defendant's late realization that it would benefit from another expert was not good cause sufficient to modify the Scheduling Order.  *Id.*

Defendant contends that Judge Gale erred by applying this "good cause" standard under Fed. R. Civ. P. 16(b)(4) to determine whether to grant defendant leave to add an expert after the Scheduling Order's deadline for disclosing experts had expired.  Defendant asserts that the "good cause" standard applies to a party's request to amend pleadings after the Scheduling Order's deadline for amendment has expired.  Instead, defendant contends, Judge Gale should have applied a four factor test that the Tenth Circuit has used in other cases involving requests to amend a scheduling order to name an additional expert.  *See Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997); *see also Rimbert v. Eli Lilly Co.*, 647 F.3d 1247 (10th Cir. 2011).

In both cases, the Tenth Circuit reversed a district court's refusal to amend the scheduling order to allow for designation of a new expert after the court's *Daubert* ruling excluded the moving party's previously designated expert.  *Rimbert*, 647 F.3d at 1256; *Summers* 132 F.3d at

5

602. When deciding whether the district court had abused its discretion when refusing to allow

the amendment, the Tenth Circuit considered four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded
> witnesses would have testified, (2) the ability of that party to cure the prejudice,
> (3) the extent to which waiver of the rule against calling unlisted witnesses would
> disrupt the orderly and efficient trial of the case or of other cases in court, and (4)
> bad faith or willfulness in failing to comply with the court's order.

*Rimbert*, 647 F.3d at 1254 (quoting *Summers*, 132 F.3d at 604).

*Summers* concluded the four factors favored permitting a late designation because the

motion could not have surprised the defendant when it was filed after the *Daubert* ruling; the

defendant could cure any prejudice by reviewing the new expert's reports and depositions; the

plaintiffs had acted diligently and filed the motion 80 days before trial; and the plaintiffs had

engaged in no bad faith.  *See Summers*, 132 F.3d at 604.

Similarly, in *Rimbert*, the Circuit found that the four factors favored amending the

scheduling order to allow the plaintiff to designate a new expert after a *Daubert* ruling excluded

plaintiff's previously-designated expert.  *Rimbert*, 647 F.3d at 1256.  The court found that "the

single most important factor about the posture of [plaintiff's] motion for a new scheduling order

is that, at the time it was made, there was no longer any impending trial date or pretrial schedule

remaining."  *Id.* at 1255.  The court reasoned in *Rimbert* that, as in *Summers*, the absence of a

trial date meant that the defendant would not sustain prejudice because it could defend against

the new expert's testimony.  *Id.*  The court also found that the plaintiff had acted diligently, and

defendant could identify no bad faith.  *Id.*  After considering these factors, the Circuit recognized

that in normal circumstances, "district courts are well within permissible discretion to deny the

opportunity to name a new expert after discovery has closed and a party receives an unfavorable

*Daubert* ruling."  *Id.* at 1256.  But *Rimbert* was not that kind of case because "the unique

6

circumstances presented called for flexibility in the discovery schedule . . . [i]n light of the

procedural oddities of the case, including an initial favorable *Daubert* ruling, and the district

court's unorthodox consideration of the motion for a new scheduling order as if it had been made

at a prior date when the case was in a vastly different posture . . . ." *Id.*

      The facts presented in *Summers* and *Rimbert* differ significantly from the ones in this

case. Perhaps most significant is that the Circuit found in both cases the moving party had acted

diligently. In contrast, defendant here presented no facts showing that it has acted diligently.

Instead, after securing one extension of time to designate experts, defendant again has asked for

leave to extend the deadline—after its expiration—to designate an expert simply because it came

to the conclusion that the action will be "furthered" by an additional expert. Defendant provides

no reason justifying a conclusion that it could not have come to this realization sooner.

      But most importantly, nothing in *Summers* or *Rimbert* requires the court to apply the four

factor test to defendant's request to amend the Scheduling Order to add an expert, absent a

finding of good cause. Indeed, in the context of requests to amend the pleadings after a

Scheduling Order's deadline has expired, the Tenth Circuit has held that a party must first satisfy

the good cause standard of Rule 16 before determining whether to allow the amendment under

Rule 15. *See Gorsuch*, 771 F.3d at 1241 (noting that the Tenth Circuit has adopted a "good

cause requirement for parties seeking to add counterclaims" after a scheduling order deadline

and adopting the same requirement for "parties seeking to amend their complaints after a

scheduling order deadline" thus requiring them to "establish good cause for doing so"). *Cf.*

*Okla. ex rel. Doak v. Acrisure Bus. Outsourcing Servs., LLC*, 529 F. App'x 886, 891 (10th Cir.

2013) (finding no abuse of discretion when the district court refused to amend the scheduling

order to extend all deadlines—including expert designations—because the moving party failed to

show good cause for the extension).  And our court has applied this same good cause standard to requests to extend the deadline to designate experts.  *See Parker v. Cent. Kan. Med. Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001) (denying plaintiff's request to extend the expert designation deadline beyond the one established by the scheduling order because "plaintiff offer[ed] no reason, let alone a showing of good cause, why she was unable to procure an expert within the disclosure deadline to testify as to causation and why she should be allowed an additional sixty days in which to obtain an expert"), *aff'd on other grounds*, 57 F. App'x 401 (10th Cir. 2003); *see also AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2016 WL 6071796, at *5 (D. Kan. Oct. 17, 2016) (considering a motion to designate an expert out of time under the good cause standard and noting "[i]t is well-established in this District that motions to modify a scheduling order focus on the diligence of the party seeking to modify the scheduling order.").

The court recognizes that the Tenth Circuit has not made a similar ruling that the good cause standard applies first to motions for leave seeking to add experts after a scheduling order's deadline has expired before a court considers the four factor test used in *Summers* and *Rimbert*. But good cause arguably existed in *Summers* and *Rimbert*, before the Circuit decided to apply the four factor test.  *See Summers*, 132 F.3d at 605 (noting that "this dispute presents unique facts that demand reversal" because "Plaintiffs were referred to [the excluded medical experts] by defendant, their employer" and "[t]o deny them the opportunity to acquire new expert witnesses after [the previously-designed medical experts] were excluded is unjust."); *see also Rimbert*, 647 F.3d at 1256 ("the unique circumstances presented called for flexibility in the discovery schedule").  While it is correct that the Tenth Circuit never expressly stated it had found good cause in either *Summers* or *Rimbert*, both cases involved requests to add experts after the district

8

courts had excluded previously-designated experts on a *Daubert* ruling.  Other courts have

recognized that these facts were beyond the control of the party moving for leave to add an

expert.  *See*, *e.g.*, *Davoll v. Webb*, 194 F.3d 1116, 1139 n.16 (10th Cir. 1999) (noting that

*Summers* differed because "the *Summers* plaintiffs had a strong reason for needing an extension

of time—the district court chose to exclude the plaintiffs' designated experts" while "the reason

[the moving party] did not act within the confines of the [*Davoll*] scheduling order [was]

unclear."); *Seely v. Archuleta*, No. 08-cv-2293-LTB-KMT, 2011 WL 3625073, at *15 (D. Colo.

Aug. 17, 2011) (explaining that *Rimbert* did not help defendants because "[i]n that case, the

exclusion of evidence was not the proponent's fault" but, in contrast, the *Seely* scheduling order

did not preclude the evidence at issue, instead, it was "Defendants' inadvertent failure to list [the

evidence] originally.").

    In contrast to the moving parties in *Summers* and *Rimbert*, defendant here has

demonstrated no similar circumstances justifying good cause for the late disclosure.  It has not

received an adverse *Daubert* ruling that excluded a previously-designated expert.  The court thus

finds no reason to apply the four factor test that the Tenth Circuit applied in *Summers* and

*Rimbert*.  But, even if that test applies, the court would conclude that the four factors favor

denying defendant leave to add an expert out of time.  Although defendant argues that no

prejudice exists under the first and second factors, the court finds that the third and fourth factors

favor denying defendant's request to add an expert beyond the Scheduling Order's deadline for

designating experts.  An extension would disrupt orderly administration of the case.  The court

already has extended the deadline for designating experts once, and an amendment of that

deadline again will require the court to extend the discovery deadline a second time.  These

extensions, in turn, may affect the established dispositive motion deadline and trial date.  Also,

defendant still has failed to provide a good reason for its delay.  Although no evidence of bad faith exists, it appears that defendant's late disclosure results from a lack of diligence.  These factors favor denying defendant's request for leave to add an expert.  *See In re Indep. Serv. Orgs. Antitrust Litig.*, 85 F. Supp. 2d 1130, 1162 (D. Kan. 2000) (excluding an expert declaration that was disclosed after the scheduling order's deadline because "[a]lthough the decision to exclude evidence is a drastic sanction, plaintiff must abide by the same rules as other litigants.").

Also, defendant has provided only a generic description of Dr. Burgher's proposed testimony.  He is nominated to offer state-of-the-art opinions about "the historical knowledge of the hazards of asbestos at various times in the 20th century . . . ."  Doc. 62 at 3.  Defendant never asserts that his testimony is critical to the defense or different from its other designated expert witness.  The court thus concludes that excluding this expert testimony is not as "drastic" of a sanction as courts have found in other cases involving excluded expert testimony.  *Summers*, 132 F.3d at 604.  *See also Handy v. City of Sheridan*, 636 F. App'x 728, 736 (10th Cir. 2016) ("Given the lack of any explanation as to what the expert's opinions would be, let alone whether and how they would materially affect the issues raised in the pending summary judgment motions, . . . [i]t was not error for the district court to decide this case on summary judgment notwithstanding the outstanding request to amend the scheduling order.").

In sum, the court concludes that Judge Gale did not apply an incorrect legal standard to defendant's Motion for Leave to Add an Expert Witness and Reopen Discovery for a Limited Purpose.  And, even if the four factor test from *Summers* and *Rimbert* applied to such requests— instead of the good cause standard—defendant has failed to establish that it acted with the requisite diligence justifying disclosure of an expert after the Scheduling Order's deadline has expired.  The court thus holds that Judge Gale, exercising sound discretion, properly denied

defendant's Motion for Leave to Add an Expert Witness and Reopen Discovery for a Limited Purpose.

### IV.    Conclusion

For all these reasons, the court concludes that Judge Gale's ruling was not clearly erroneous or contrary to law.  The court thus denies defendant's Objection to that Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "Objection to the District Court Regarding Magistrate's Order of January 3, 2018" (Doc. 62) is denied and defendant's objections to Magistrate Judge Gale's January 3, 2018 Order (Doc. 54) are overruled.

**IT IS SO ORDERED.**

**Dated this 13th day of February, 2018, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**