**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NANCY LITTLE, individually and as
personal representative of the estate of
ROBERT L. RABE,

       **Plaintiff,**

v.

THE BUDD COMPANY,

       **Defendant.**

Case No. 16-4170-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's Motion to Amend and to Certify

Orders for Interlocutory Appeal.  Doc. 103.  Plaintiff opposes defendant's motion.  Doc. 112.

For reasons explained below, the court denies defendant's motion.

### I.      Factual and Procedural Background

Plaintiff Nancy Little brings this action individually and as the personal representative of

the estate of her father, Robert L. Rabe, against defendant The Budd Company.  Plaintiff alleges

that her father was exposed to asbestos-containing pipe insulation that defendant placed in

passenger railcars it manufactured.  She contends that this exposure caused her father to develop

asbestos-related malignant mesothelioma, causing his death on December 28, 2012.

Plaintiff asserts state law claims against defendant for negligence, strict product

liability/design defect, and strict product liability/warning defect.  Doc. 68 at 10–13 (Pretrial

Order ¶ 4.a.).[1]  Defendant asserts several defenses against plaintiff's claims.  *Id.* at 13–19

---

[1]      Plaintiff also asserted an alternative claim under state law for negligence per se based on
defendant's alleged violation of two federal statutes:  (1) the Locomotive Inspection Act, and (2) the

(Pretrial Order ¶ 4.b.).  One of those defenses asserts that the Federal Safety Appliance Act

("SAA"), 49 U.S.C. §§ 20301 *et seq.*, preempts plaintiff's state law claims.  *Id.* at 14 (Pretrial

Order ¶ 14.b.3.).

Earlier, defendant moved the court to dismiss plaintiff's claims based on SAA

preemption.  The court twice has denied defendant's motions.  Defendant asks the court to

amend and certify its two Orders holding that SAA preemption does not bar plaintiff's claims for

an interlocutory appeal under 28 U.S.C. § 1291.  Those two Orders are:  (1) the court's

Memorandum and Order denying defendant's Motion for Judgment on the Pleadings (Doc. 61),

and (2) the court's Memorandum and Order granting in part and denying in part defendant's

Motion for Summary Judgment (Doc. 96).

## II.     Legal Standard

Generally, courts of appeals only have jurisdiction to hear appeals from a district court's

final decision.  28 U.S.C § 1291.  But, 28 U.S.C. § 1292 establishes certain exceptions to this

rule, permitting courts of appeals to hear certain interlocutory appeals.  One exception for

interlocutory appeal is a decision certified by a district judge.  A district judge may certify an

interlocutory order for immediate appeal when the judge is of the opinion that (1) the district

court's order involves a controlling question of law; (2) a substantial ground for difference of

opinion exists with respect to the question of law; and (3) an immediate appeal from the order

may advance the ultimate termination of the litigation materially.  *Id.* § 1292(b).  The court has

discretion to certify an interlocutory order for appeal under § 1292(b).  *Id.*  Such certification is

"limited to extraordinary cases in which extended and expensive proceedings probably can be

avoided by immediate and final decision[s] of controlling questions encountered early in the

---

Federal Safety Appliance Act.  Doc. 68 at 10–13 (Pretrial Order ¶ 4.a.).  The court granted summary
judgment against this alternative claim.  Doc. 96 at 24–27.

action." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation and internal quotation marks omitted). District courts also have discretion to determine whether to stay proceedings pending disposition of an interlocutory appeal. 28 U.S.C. § 1292(b).

### III.    Analysis

Defendant asserts that this case meets all three requirements for a § 1292(b) appeal and so, the court should certify the two Orders for interlocutory appeal. That is, defendant argues that: (1) the court's Orders refusing to dismiss plaintiff's state law claims based on SAA preemption involve a controlling question of law; (2) a substantial ground for difference of opinion exists about this question of law; and (3) an immediate appeal from the Orders may advance the ultimate termination of the litigation materially. Plaintiff does not dispute that the first and third requirements are satisfied here. Doc. 112 at 4. But plaintiff asserts that defendant has failed to demonstrate substantial ground for difference of opinion about the question of law. The court agrees.

For the court to find a substantial ground for difference of opinion, the court must conclude that the question of law "'is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'" *Farmer v. Kan. State Univ.*, No. 16-CV-2256-JAR-GEB, 2017 WL 3674964, at *3 (D. Kan. Aug. 24, 2017) (quoting *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla. Dec. 12, 2014)). That an issue presents a question of first impression is not, by itself, sufficient. *Id.* (citation omitted). Nor will contradictory case law—by itself—qualify a case for certification. *Id.*

Here, defendant argues, the court's refusal to dismiss plaintiff's state law claims based on SAA preemption conflicts with the Supreme Court's decisions in *Southern Railway v. Railroad Commission of Indiana*, 236 U.S. 439, 446 (1915), and *Gilvary v. Cuyahoga Valley Railway Co.*, 292 U.S. 57, 60 (1934). Defendant argues—as it previously has argued—these Supreme Court cases hold that the SAA preempts the entire field of safety appliances for railcars. The court rejected that argument, explaining that defendant reads these cases too broadly. *See* Doc. 61 at 15; *see also* Doc. 96 at 17. Specifically, the court reasoned: "Neither of these cases explicitly holds that SAA preemption extends to all safety appliances whether the statute specifically lists them or not, as defendant asserts." Doc. 96 at 17. And the court cited language from other Supreme Court cases suggesting that SAA preemption is limited just to the particular safety appliances explicitly listed in the act. *Id.* (first citing *Napier v. Atl. Coast Line R.R. Co.*, 272 U.S. 605, 611 (1926); then citing *Atl. Coast Line R.R. Co. v. Georgia*, 234 U.S. 280, 293 (1914)). Also, as the court noted, defendant has cited no Supreme Court decisions applying SAA preemption to a state law claim based on a device that the SAA does not list specifically in the statute but otherwise falls within the broader definition of "safety appliance." *Id.* at 21. Without such authority, the court declined to expand SAA preemption as broadly as defendant requested. *Id.*

Also, the court's reasoning relied on two district court cases—one from our court and the other from the Middle District of Pennsylvania—that had refused to extend SAA preemption to plaintiff's state law claims when the claims involved devices that the SAA does not include in its specific list of safety appliances. *Id.* at 22–23 (first citing *Garay v. Mo. Pac. R.R. Co.*, 38 F. Supp. 2d 892, 898 (D. Kan. 1999); then citing *Milesco v. Norfolk S. Corp.*, 807 F. Supp. 2d 214, 223 (M.D. Pa. 2011)).

In sum, defendant still hasn't cited any judicial opinions that directly contradict the court's rulings refusing to dismiss plaintiff's state law claims based on SAA preemption. The court remains convinced that its analysis is correct, and defendant has presented no persuasive argument to the contrary. To say it directly: defendant has failed to demonstrate a substantial ground for difference of opinion exists about this question of law.

For this reason, and because of the "Tenth Circuit's demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances," *Etienne v. Wolverine Tube, Inc.*, 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998), the court denies defendant's Motion to Amend and to Certify Orders for Interlocutory Appeal. *See also Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (explaining that certification of an interlocutory order is "limited to *extraordinary cases* in which extended and expensive proceedings probably can be avoided by immediate and final decision[s] of controlling questions encountered early in the action" (citation and internal quotation marks omitted) (emphasis added)).

## IV. Conclusion

For reasons explained, the court denies defendant's Motion to Amend and to Certify Orders for Interlocutory Appeal.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Amend and to Certify Orders for Interlocutory Appeal (Doc. 103) is denied.

**IT IS SO ORDERED.**

**Dated this 18th day of October, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
