IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NANCY LITTLE, individually and as
personal representative of the estate of
ROBERT L. RABE,

      Plaintiff,

v.

THE BUDD COMPANY,

      Defendant.

Case No. 16-4170-DDC-KGG

## MEMORANDUM AND ORDER

Plaintiff Nancy Little filed this action individually and as the personal representative of the estate of her father, Robert L. Rabe, against defendant The Budd Company. Plaintiff alleges that her father, while working as a pipefitter for the Atchison Topeka & Santa Fe Railroad ("ATSF"), was exposed to asbestos-containing pipe insulation that defendant had placed in the passenger railcars it manufactured. And, she alleges, this exposure caused her father to develop asbestos-related malignant mesothelioma, causing his death on December 28, 2012.

On December 4, 2018, the parties tried their case to a jury. After presenting evidence for about five days, the jury returned a verdict for plaintiff. Doc. 190 at 1. The jury found defendant at fault, but apportioned only 7% of the total fault to defendant. *Id.* The jury apportioned the other 93% of fault to the decedent's employer—ATSF—who is not a party to this case. *Id.* Also, the jury awarded plaintiff $139,500 in damages. *Id.* at 2. On December 14, 2018, the court entered a Judgment consistent with the jury's verdict. Doc. 191.

This matter comes before the court on two post-trial motions—one filed by each party. Plaintiff has filed a Motion for Attorney's Fees and Expenses. Doc. 197. And defendant has

filed a Motion for Judgment as a Matter of Law. Doc. 192. For reasons explained below, the court denies both motions.

I.  **Motion for Attorney's Fees and Expenses**

Plaintiff's Motion for Attorney's Fees and Expenses asks the court to award sanctions against defendant under Federal Rule of Civil Procedure 37(c)(2). Plaintiff seeks $3,726.07 from defendant for attorney's fees and expenses incurred from deposing plaintiff's expert, Dr. Victor Roggli, on January 30, 2018.

Rule 37(c)(2) provides,

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ .P. 37(c)(2). A district court has discretion to decide whether an award of attorney's fees and expenses is warranted under Rule 37(c)(2). *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996).

Plaintiff asserts she deserves relief under Rule 37(c)(2) because defendant failed to admit certain Requests for Admission that asked defendant to make admissions about the specific causation of the decedent's mesothelioma. Later, plaintiff moved for partial summary judgment in her favor on the issue whether asbestos exposure had caused the decedent to contract mesothelioma. In response to that motion, defendant didn't contest that the decedent was

2

diagnosed with mesothelioma and that asbestos exposure had caused him to contract the disease. Doc. 78 at 13. So, the court granted summary judgment for plaintiff on that issue. Doc. 96 at 27.

Plaintiff contends that defendant's initial denials about specific causation required her to preserve the video deposition testimony of her consulting pathologist, Dr. Roggli, on the issues of specific causation, product toxicity, and related medical issues. And, plaintiff seeks the fees and expenses she incurred from noticing Dr. Roggli's deposition so that she later could prove the matters that defendant had denied in its responses to plaintiff's Requests for Admission.

Plaintiff concedes, however, that it was defendant—not plaintiff—who first noticed Dr. Roggli's deposition. *See* Docs. 53, 55, 56. Plaintiff then filed a Cross Notice of her intent to videotape Dr. Roggli's deposition. Doc. 63. Defendant asserts that it took Dr. Roggli's deposition so that it could ask him about "the matters listed in his expert disclosure and his report, the basis for his opinions, his methodology in reaching his opinions, potential bias, his opinions on the state of the art, and his opinions about other potential causes of [decedent's] mesothelioma." Doc. 200 at 7. Defendant contends that no nexus exists between the substance in the requested admissions and the fees and costs plaintiff incurred by attending Dr. Roggli's deposition. *Id.* Indeed, plaintiff presented Dr. Roggli's videotaped deposition at trial to present evidence on various other topics unrelated to specific causation. Also, the court agrees with defendant that, because defendant first noticed Dr. Roggli's deposition, plaintiff would have incurred the fees and expenses for her counsel to attend the deposition regardless of defendant's responses to the Request for Admissions.

In any event, defendant asserts that it had "good reason" for not admitting the requested admissions about specific causation and it had "a reasonable ground to believe that it might prevail on the matter," as contemplated by the exceptions in Rule 37(c)(2)(C) & (D). Doc. 200

3

at 1. Defendant asserts that it properly objected to the Requests for Admission because they called for an expert medical opinion. When it responded to the Requests, defendant had not yet had the opportunity to depose plaintiff's medical expert (Dr. Roggli) about his medical opinions. After having that opportunity to test Dr. Roggli's opinions at the January 2018 deposition, defendant conceded some of the specific causation issues in its summary judgment response filed in March 2018 (Doc. 78).

After summary judgment, the parties continued to dispute whether the decedent's exposure to defendant's railcar pipe insulation "substantially contributed" to his mesothelioma. And, the parties presented conflicting evidence on this issue at trial. Although the jury ultimately found defendant at fault, it only apportioned 7% of that fault to defendant. So, the jury might have concluded that Dr. Roggli's testimony failed to establish that the decedent's exposures to *defendant's* products substantially caused his mesothelioma. Under these facts, the court finds that defendant had a reasonable ground, or at least a good reason, to deny the Requests for Admission when defendant answered them. The court thus denies plaintiff's request for sanctions under Rule 37(c)(2).[1]

---

[1] Defendant also argues that the court should deny plaintiff's motion because she has failed to raise the issue in a timely fashion. Defendant responded to the Requests for Admission more than a year ago—in January 2018—but plaintiff waited until after trial to seek sanctions for defendant's responses to the Requests for Admission. For support, defendant relies on district court cases from outside the Tenth Circuit. *See, e.g.*, *Benson Tower Condominium Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1196–97 (D. Or. 2015) (finding that a party's failure to bring the dispute before the court before trial weighed against granting the fees requested under Rule 37(c)(2)) .

But, our court has recognized: "Even though Rule 37(c)(2) does not specify a time when a motion for expenses may be filed, the advisory committee's note makes clear that it 'is intended to provide post trial relief.'" *N.U. ex rel. Unzueta v. Wal-Mart Stores, Inc.*, No. 15-4885-KHV, 2017 WL 1250804, at *2 (D. Kan. Apr. 5, 2017) (quoting Fed. R. Civ. P. 37(c)(2) advisory committee's note to the 1970 amendment). "The Federal Rules do not contemplate 'a pretrial hearing on whether the response is warranted by the evidence thus far accumulated.'" *Id.* (quoting Fed. R. Civ. P. 37(c)(2) advisory committee's note to the 1970 amendment). And, "[t]he majority of courts addressing this issue have held that motions under Rule 37(c)(2) must be made after the matter is proven at trial." *Id.* (citing *Joseph v.*

## II. Motion for Judgment as a Matter of Law

Defendant has filed a Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(b). Defendant asks the court to enter judgment as a matter of law against plaintiff's negligence, failure to warn, and design defect claims because, defendant contends, two federal laws—the Federal Safety Appliance Act ("SAA") and the Locomotive Inspection Act ("LIA")—preempt these claims that plaintiff has asserted under Kansas law.

### A. Legal Standard

A court may grant judgment as a matter of law under Fed. R. Civ. P. 50(b) "'only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.'" *Kelley v. City of Albuquerque*, 542 F.3d 802, 807 (10th Cir. 2008) (quoting *Harsco Corp. v. Renner*, 475 F.3d 1179, 1185 (10th Cir. 2007)). When determining whether judgment as a matter of law is proper, a court must "construe the evidence and inferences most favorably to the nonmoving party," and it cannot "weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for those of the jury." *Harsco*, 475 F.3d at 1185–86 (citation omitted). "'[T]he controlling question is whether the plaintiff has arguably proven a legally sufficient claim.'" *Kelley*, 542 F.3d at 807 (quoting *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2001)). If the answer to that question is no, the court "must enter judgment as a matter of law in favor of the moving party" because "no legally sufficient evidentiary basis [exists] with respect to a claim or defense under the controlling law." *Harsco*, 475 F.3d at 1186 (citation omitted).

---

*Fratar*, 197 F.R.D. 20, 23 (D. Mass. 2000) (other citations omitted)). The court thus rejects defendant's timeliness argument.

### B. Analysis

Defendant here asserts two arguments to support its Motion for Judgment as a Matter of Law.

*First*, defendant argues, the SAA preempts plaintiff's state law claims. Defendant contends that when Congress enacted that SAA, it intended to place the whole subject of railroad safety appliances beyond all state regulation of any kind, including state law tort claims. The court already has addressed defendant's SAA preemption argument. On summary judgment, the court considered this issue thoroughly. Doc. 96 at 16–22. And, the court concluded, Congress did not intend to occupy the entire field of railcar safety appliances when it enacted the SAA. Instead, Congress intended to regulate only those safety devices listed in the statute. *Id.* at 22. Because plaintiff bases her state law claims on her father's exposure to asbestos-containing pipe insulation, and the SAA never lists pipe insulation as one of the safety features that railroad carriers must attach to their railcars, the SAA does not preempt plaintiff's state law claims asserted in this lawsuit. *Id.* Defendant presents nothing that persuades the court to change its earlier ruling. So, for the same reasons articulated in its summary judgment Order, the court denies defendant's SAA preemption argument on its Motion for Judgment as a Matter of Law.

*Second*, defendant asserts that the LIA preempts plaintiff's state law claims. In its summary judgment Order, the court recognized that "the preemptive scope of the LIA 'extends to the design, the construction and the material of every part of the locomotive and tender and of all appurtenances.'" Doc. 96 at 12 (quoting *Kurns v. R.R. Friction Prods. Corp.*, 565 U.S. 625, 631 (2012) (other citations omitted)). But the court found that the summary judgment record "present[ed] a genuine issue whether defendant designed the passenger railcars' steam pipes to connect to the locomotive." *Id.* at 15. Thus, the court could not decide on summary judgment

whether the asbestos-containing pipe insulation is a locomotive appurtenance falling within the preemptive scope of the LIA. *Id.*

Defendant's Motion for Judgment as a Matter of Law asserts that defendant presented facts at trial that conclusively establish that defendant's steam lines connected directly to the locomotives, and thus, the steam lines were appurtenances of the locomotives. As a consequence, defendant argues, the LIA preempts state regulation of defendant's pipe insulation for those steam lines.

Plaintiff makes two arguments responding to defendant's LIA preemption argument. First, plaintiff argues, defendant has waived this argument because it never raised it in a Rule 50(a) motion. *See* Fed. R. Civ. P. 50(b) ("If the court does not grant a motion for judgment as a matter of law made under Rule 50(a) . . . the movant may file a *renewed* motion for judgment as a matter of law . . . ." (emphasis added)); *see also* Fed. R. Civ. P. 50 advisory committee's note to the 2006 amendment ("Because the Rule 50(b) motion is only a renewal of the preverdict motion [under Rule 50(a)], it can be granted *only on grounds advanced in the preverdict motion*. (emphasis added)).

Defendant concedes that it never "specifically mention[ed] the LIA in its Rule 50(a) motion made at the close of [plaintiff's] case in chief." Doc. 203 at 1. But, defendant contends, this omission is not fatal to its Rule 50(b) motion for several reasons. Defendant argues that plaintiff has sustained no prejudice or surprise from defendant raising this argument in its Rule 50(b) motion because defendant has raised the same LIA preemption argument many times throughout the litigation and it is inextricably intertwined with its SAA preemption arguments. *See Rockport Pharm., Inc. v. Digital Simplistics, Inc.*, 53 F.3d 195, 198 (8th Cir. 1995) (holding that district court erred by refusing to consider an argument raised in a Rule 50(b) motion

7

because "[a]lthough the economic loss ground advanced in [the] post-trial motion may have been somewhat different from the duty-of-care ground advanced in the pre-verdict motion," the Eighth Circuit concluded "that those grounds were inextricably intertwined"). Also, our court has assumed without deciding that a party may raise a preemption argument in a Rule 50(b) motion—even though not presented in a Rule 50(a) motion made at trial—because the argument "is 'jurisdictional' in nature, so it cannot be waived and may be raised at any time" under Federal Rule of Civil Procedure 12(h)(3). *Fox v. Pittsburgh State Univ.*, 257 F. Supp. 3d 1112, 1119 (D. Kan. 2017). And, our Circuit has cautioned that "technical precision is unnecessary" to satisfy Rule 50's requirements. *Anderson v. United Tel. Co.*, 933 F.2d 1500, 1503 (10th Cir. 1991) ("Because the requirement of Rule 50 that a directed verdict motion must precede a motion for judgment n.o.v. is harsh in any circumstance, a directed verdict motion should not be reviewed narrowly but rather in light of the purpose of the rules to secure a just, speedy, and inexpensive determination of a case." (citations, internal quotation marks, and internal alterations omitted)).

Even assuming that defendant has not waived its LIA preemption argument by failing to assert it in its Rule 50(a) motion, plaintiff opposes defendant's Motion for Judgment as a Matter of Law on the LIA preemption issue for a separate reason. Plaintiff asserts that defendant failed to offer evidence at trial establishing that its pipe insulation is a locomotive appurtenance as a matter of law. The court agrees. Defendant cites the trial testimony of James Shaw and Nate Morales who, defendant contends, testified that defendant's insulated steam pipes ran under the railcars and connected directly to locomotives. But that wasn't the only evidence the jury heard on this issue. Plaintiff presented evidence that decedent was exposed to asbestos dust from insulation covering air-conditioning and water lines running under defendant's railcars. Those pipes connected to a water tank—not the locomotive. The parties never asked the jury to

decide—explicitly—whether defendant's steam pipes qualify as a locomotive appurtenance. But from the facts adduced at trial, it was reasonable for the jury to conclude that the decedent was exposed to asbestos dust from equipment that never connected to the locomotive. Thus, on the evidentiary record created during the trial, the court cannot conclude that the LIA preempts plaintiff's claims as a matter of law.

### III. Conclusion

For reasons explained, the court denies plaintiff's Motion for Attorney's Fees and Expenses. Doc. 197. Also, the court denies defendant's Motion for Judgment as a Matter of Law. Doc. 192.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Judgment as a Matter of Law (Doc. 192) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Attorney's Fees and Expenses (Doc. 197) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of March, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**